ELWIN L. MAUSETH AND ANOTHER v.
WILLIAM LONGSHORE AND OTHERS.
COUNTY OF FREEBORN, APPELLANT.

176 N. W. (2d) 94.

February 27, 1970—No. 41762.

Robert C. Tuveson, County Attorney, for appellant.

Sturtz, Peterson & Butler and William P. Sturtz, for respondents Mauseth.

*Peterson, Peterson & Peterson* and *Elmer R. Peterson,* for respondents Longshore.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Frank T. Gallagher, JJ.

PER CURIAM.

This is an action which requires Freeborn County to condemn a triangle of land taken by it for highway purposes, containing approximately 63/100 of an acre and having a value of approximately $250.

The county appeals from a decision of the district court declaring plaintiffs to be the owners of the land in dispute and granting the relief prayed for.

On June 16, 1960, plaintiffs granted the county:

"* * * [T]he right and easement to construct and maintain COUNTY STATE AID HIGHWAY NO. —— running through—along the following described real estate in Freeborn County, to wit: .

"The NW 1/4 of the NW 1/4 of Section 34, T. 103 N., R. 23 W.

"The County agrees to pay $900.00 for R/W for purposes of building a 6 degree curve which will take approximately 2.21 acres of additional land.

"Hereby granting to said County of Freeborn an easement for road purposes to a width of 50 feet on each side of centerline of said road, centerline to be determined by the County Highway Engineer."

In 1965 after the highway work was completed, plaintiffs discovered they were being taxed as owners of a triangular tract abutting the highway. Thereupon, they made a demand on defendants Longshore for cutting hay on the land and effected a settlement. Because the county had appropriated the triangle for fill and for building an access road to the Longshores' property, these proceedings to recover possession of the property and to enjoin defendants from using it were commenced.

It must have been obvious to the trial court, as it is to us, that the triangle was not included in the easement since the description expressly confined the taking to a width of 50 feet on either side of a centerline not then determined.

We concur in an observation made by counsel for defendants Longshore. It summarizes our views as they apply to this appeal:

"* * * It is to be hoped that there is some very important principle involved in this litigation but if there is, it escapes this writer. The value of the fractional acre certainly doesn't justify the litigation."

Affirmed.